McCORKLE, Respondent, v. ELLIS, Appellant. (Supreme Court, Appellate Term. November, 1902.) Action by Henry H. McCorkle against William H. Ellis. W. C. Prime, for appellant. H. H. McCorkle, in pro. per.

BLANCHARD, J. This is an appeal from a judgment of the Municipal Court. The action is brought to recover upon a judgment of a justice's court of the state of Texas, recovered September 11, 1893, by one Landa, since deceased, against the defendant and assigned by Landa's administratrix to the plaintiff. The defendant assigns a number of grounds for the reversal of the judgment. It is claimed, in the first place, that there is no proof of a judgment upon which this suit is based. On a previous trial plaintiff attempted to prove this by an exemplified copy of the record; but the record was not in proper form, and a reversal followed. 35 Misc. Rep. 833, 72 N. Y. Supp. 1117. Upon this trial plaintiff relied upon common-law evidence, taking the deposition of the justice before whom the proceedings were had in Texas, and the constable's deputy who served the citation upon the defendant in Texas. Owing to the unsatisfactory condition of the record upon the rulings of the trial court upon the reading of the deposition of the justice before whom the proceedings in Texas were taken, it is rather difficult to determine just what is in evidence and what is not. By the third interrogatory the Texas justice was asked, among other things, to state all the proceedings which were had before him. He answered somewhat at length, and defendant, claiming that he had read from a document, asked to have a portion of the answer stricken out.

This was denied, and then the remainder of the answer was read, and the trial justice, upon motion of the defendant, struck out the latter portion of the witness' answer. The defendant then renewed his motion as to the part of the answer to that interrogatory already in evidence, and which the justice had previously allowed to stand, and upon this motion the trial justice's ruling was as follows: "I will strike out all the answer which shows that he is reading from a document, or paper, or anything else. All that portion of the answer which does not show that he is reading from a paper I will let stand." It is difficult to ascertain where, if at all, the witness started to read his answer, but the respondent should have the benefit of all doubt on this ruling; for the defendant took an exception to the justice's ruling, and we assume, therefore, that the first portion of the answer, which, when first passed upon by the trial justice, was permitted to remain in the case, was intended by him to remain. With this in the case, the judgment of the Texas court is sufficiently established. The only other point in the case presenting a question of serious consideration is that of the statute of limitations. It is claimed by defendant that the defendant became a resident of this state more than six years prior to the commencement of this action. The only witness to support this position was the defendant himself, an interested witness. It must be assumed in this court, from the fact of the judgment being for the plaintiff, that the trial justice found that the necessary facts to establish a residence in this state on the part of the defendant were not shown by a preponderance of credible evidence, and with that conclusion this court sees no reason to interfere. Judgment should be affirmed, with costs.

FREEDMAN, P. J., and MacLEAN, J., concur.

PER CURIAM. Judgment affirmed, with costs.